# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NAHUNITA JAMES, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-09-131-JHP-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Nahunita James requests review of the Commissioner of the Social Security Administration's denial of benefits pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. As discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on June 23, 1954, and was fifty-three years old at the time of the administrative hearing (Tr. 24). She has a GED, completed vocational training in the clerical field (Tr. 24) and has worked as a clerk in a bingo hall, a direct care provider in a residential care facility and as a non-conveyor belt picker in a warehouse (Tr. 147). The claimant initially alleged inability to work since January 21, 2005, but her onset date was amended by the ALJ to July 2005 because she worked light duty from January 2005 through June 2005 (Tr. 13, 133). The claimant alleges that her inability to work arises from pain and swelling in her left knee and bilateral carpal tunnel syndrome (Tr. 146).

## Procedural History

On September 14, 2005, the claimant applied for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her applications were denied. ALJ Edward L. Thompson conducted an administrative hearing and found that the claimant was not disabled in a written opinion dated June 13, 2008. The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation, finding that the claimant had the residual functional capacity ("RFC") to perform the full range of light work, *i. e.*, she could lift/carry 20 pounds frequently and 10 pounds occasionally, and stand/walk/sit for 6 of 8 hours in a normal workday, but stoop only occasionally (Tr. 14). The ALJ concluded that the claimant was not disabled because she could return to her past relevant work as a bingo hall clerk (Tr. 17).

## Review

The claimant contends that the ALJ erred: (i) by failing to account for her severe impairment of carpal tunnel in formulating her RFC; (ii) by adopting the erroneous RFC assessment of an agency physician; and, (iii) by failing to discuss her work history in analyzing her credibility. The undersigned Magistrate Judge finds merit in the claimant's first and third contentions, and the Commissioner's decision should therefore be reversed.

The medical evidence consists mostly of doctor's visits related to claimant's on-the-job knee injury that she suffered in January 2005 while working in the warehouse at Dollar General. As a result of her on-the-job injury, claimant was put on "seated duty only" (Tr. 214), and eventually underwent arthroscopic surgery on her left knee to correct an MCL tear on June 9, 2005 (Tr. 221). Following surgery, claimant attempted to go back to work, but was only able to work three days (Tr. 141). The claimant's testimony revealed that her knee "stays swelled constantly" and that the swelling sometimes interrupts her sleep (Tr. 31). She stated that standing, particularly on concrete, worsens

the pain in her knee, and if she stands for a long period of time, she will not be able to get out of bed the following day (Tr. 31). The claimant testified that the pain and swelling in her knee impedes her ability to sit, which causes her to spend most of her time alternating between lying down and sitting up (Tr. 32).

There are also notes in the record regarding claimant's carpal tunnel syndrome dated June 12, 2003 (Tr. 201). At that time, claimant was apparently pursuing a worker's compensation claim related to "pain in the middle of her hands and wrists which travels up the back of her arms up to her elbows, shoulders and the back of her neck" (Tr. 201). At that consultation, Dr. Carlos A. Garcia-Moral, M.D. found that claimant had a positive Tinel's sign and pressure Phalen's test, and Dr. Garcia-Moral determined that she had "changes consistent with carpal tunnel syndrome" with "clear evidence of radial tunnel, especially on the right side" (Tr. 202). Apparently, on the same day that he found that claimant had not reached maximum medical improvement, he signed a work release stating that claimant was capable of performing full duty (Tr. 204), which claimant testified was due to her affirmative declaration that she could return to work (Tr. 42). At the administrative hearing, claimant testified that she has pain in both hands, and that she had to stop carrying her purse because she would constantly drop it (Tr. 30).

The ALJ adopted the RFC assessment of Dr. Carmen Bird, a consulting physician who opined that the claimant had the capacity to perform a full range of light work (Tr. 266-73). Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. However, there is a recognition

that even though the weight lifted may be very little, jobs included in the light category require a good deal of walking or standing or involve sitting most of the time with some pushing or pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, a claimant must have the ability to perform all of those activities. 20 C.F.R. § 404.1567(b). Dr. Bird, who never physically examined claimant, included information that seems to contradict her ultimate findings, *i. e.*, observations by Dr. Charles N. Howard, an examining physician who noted that the claimant walked down the hall and to her car with a "slow, steady gait with a very slight limp to the LT side, favoring her knee" (Tr. 261).

Leaving aside any reliance on Dr. Bird's problematic functional assessment, the undersigned Magistrate Judge finds that the ALJ erred in formulating the claimant's RFC in two respects. First, the ALJ failed to account for the claimant's carpal tunnel syndrome at step four despite finding it be a severe impairment at step two, *i. e.*, the ALJ found that the claimant's carpal tunnel syndrome imposed significant restrictions on her ability to perform basic work activities at step two (Tr. 24), but he inexplicably included no limitations related to her carpal tunnel syndrome in her RFC at step four. *See, e. g., Timmons v. Barnhart*, 118 Fed. Appx. 349, 353 (10th Cir. 2004) ("At the very least, the ALJ should have explained how a 'severe' impairment at step two became 'insignificant' at step five.").

Second, the ALJ failed to perform a proper analysis of the claimant's credibility. In this regard, deference must be given to an ALJ's credibility determination unless there

that even though the weight lifted may be very little, jobs included in the light category require a good deal of walking or standing or involve sitting most of the time with some pushing or pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, a claimant must have the ability to perform all of those activities. 20 C.F.R. § 404.1567(b). Dr. Bird, who never physically examined claimant, included information that seems to contradict her ultimate findings, *i. e.*, observations by Dr. Charles N. Howard, an examining physician who noted that the claimant walked down the hall and to her car with a "slow, steady gait with a very slight limp to the LT side, favoring her knee" (Tr. 261).

Leaving aside any reliance on Dr. Bird's problematic functional assessment, the undersigned Magistrate Judge finds that the ALJ erred in formulating the claimant's RFC in two respects. First, the ALJ failed to account for the claimant's carpal tunnel syndrome at step four despite finding it be a severe impairment at step two, *i. e.*, the ALJ found that the claimant's carpal tunnel syndrome imposed significant restrictions on her ability to perform basic work activities at step two (Tr. 24), but he inexplicably included no limitations related to her carpal tunnel syndrome in her RFC at step four. *See, e. g., Timmons v. Barnhart*, 118 Fed. Appx. 349, 353 (10th Cir. 2004) ("At the very least, the ALJ should have explained how a 'severe' impairment at step two became 'insignificant' at step five.").

Second, the ALJ failed to perform a proper analysis of the claimant's credibility. In this regard, deference must be given to an ALJ's credibility determination unless there

is an indication that the ALJ misread the medical evidence taken as a whole. *Casias v. Secretary of Health & Human Services,* 933 F.2d 799, 801 (10th Cir. 1991). An ALJ may disregard a claimant's subjective complaints of pain if they are unsupported by any clinical findings. *Frey v. Bowen,* 816 F.2d 508, 515 (10th Cir. 1987). But credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) [quotation omitted]. A credibility analysis "must contain 'specific reasons' for a credibility finding; the ALJ may not simply 'recite the factors that are described in the regulations.'" *Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4.

After summarizing the medical evidence in the record, the ALJ determined that claimant was not credible with regard to her statements about the disabling effects of pain resulting from her impairments for the following reasons: (i) her description of her activities of daily living could not be objectively verified; (ii) she did not receive regular medical treatment; and, (iii) she did not take prescription medication for pain relief (Tr. 16). But the ALJ failed to mention other credibility evidence that suggests the claimant would be unable to perform the full range of light work. *See Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001) ("Although the ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision, especially when that evidence is significantly probative.") [quotation omitted]. For instance, SSA interviewer Henson observed that the claimant "walked very slowly with small step[s],

apparent that she was in pain" (Tr. 143) and that during the interview, she "appeared to be in pain, moving in her chair throughout. When standing it was slow, and took her a minute to get moving again. He[r] knee was apparently swollen in comparison to the other" (Tr. 143). The ALJ was obligated to take this evidence into consideration, *see* Soc. Sec. Rul. 96-7p ("The adjudicator must also consider any observations about the individual recorded by Social Security Administration (SSA) employees during interviews, whether in person or by telephone."), but because he did not discuss it, the undersigned Magistrate Judge is unable to determine if he did. Further, the ALJ failed to mention that the claimant had an excellent work history prior to the alleged disability onset date, which must also be considered in assessing credibility. *See* Soc. Sec. Rul. 96-7p (including "prior work record" as probative evidence of claimant's credibility or lack thereof).

As mentioned above, the ALJ cited the claimant's lack of treatment and the fact that she does not take prescription medication to control her pain as his reasons to discredit the disabling effects of her impairments (Tr. 16). The claimant specifically testified about this, explaining that she could not afford to see a doctor and that if she had not been injured at Dollar General, she would still be working as she had all her life (Tr. 35). Further, the claimant testified that following her worker's compensation claim regarding her knee, she attempted to keep her medical open, but was unsuccessful (Tr. 36). Thus, while it is appropriate to consider lack of treatment in assessing credibility, it is not the determinative factor when, as in this case, there is evidence that the claimant

was unable to afford treatment or medication. *See, e. g., Huston v. Bowen*, 838 F.2d 1125, 1133 n.7 (10th Cir. 1988) (noting that "supporting medical evidence need not be developed simultaneously with the onset of disabling pain in every case" since "[s]ome who are disabled may not have been able to afford medical treatment[.]"). *See also Thomas v. Barnhart*, 147 Fed. Appx. 755, 760 (10th Cir. 2005) ("'[T]he medicine or treatment an indigent person cannot afford is no more a cure for his condition than if it had never been discovered . . . To a poor person, a medicine that he cannot afford to buy does not exist.'"), *quoting Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987).

Because the ALJ erred by failing to account for the claimant's severe impairment of carpal tunnel syndrome in formulating her RFC, and by failing to properly analyze her credibility, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis. If such analysis results in any modifications to the claimant's RFC, the ALJ should then re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

**Conclusion**

As set forth above, the undersigned Magistrate Judge PROPOSES a finding that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. The undersigned Magistrate Judge accordingly hereby RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b)(2).

**DATED** this 15th day of September, 2010.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**